IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CONSTELLATION NEWENERGY, INC. | : | |
| | : | |
| v. | : | Civil Action No. DKC 21-0359 |
| | : | |
| OM VEGETABLE INC. | : | |
| | : | |

**MEMORANDUM OPINION**

Pending before the court is Plaintiff's motion to reinstate the case and compel Defendant's compliance with the parties' settlement agreement and motion to seal the supporting exhibits. (ECF Nos. 26, 27).  For the following reasons, the motion to reinstate will be construed as a motion to alter/amend or vacate subject to supplementation and the motion to seal will be granted.

**I.  Background**

Plaintiff initiated this action on February 12, 2021, alleging that Defendant owes a debt for services and equipment. Defendant answered the complaint (ECF No. 5) and the court issued a scheduling order (ECF No. 6).  Following a telephone conference with the parties on May 7, 2021, the matter was referred to a magistrate judge for settlement.  (ECF No. 20).  Judge Copperthite held a purportedly successful settlement conference on August 24 and afterward, the court issued an Order pursuant to Local Rule 111 dismissing the case without prejudice and providing that if no

party moves to reopen within 30 days, the dismissal would be with prejudice.  The Order reads:

> This court has been advised by the parties that the above action has been settled, including all counterclaims, cross-claims and third-party claims, if any. Accordingly, pursuant to Local Rule 111 it is ORDERED that:
> This action is hereby dismissed and each party is to bear its own costs unless otherwise agreed, in which event the costs shall be adjusted between the parties in accordance with their agreement. The entry of this Order is without prejudice to the right of a party to move for good cause within 30 days to reopen this action if settlement is not consummated. If no party moves to reopen, the dismissal shall be with prejudice.

Thus, the Order provided a limited right to move to reopen within thirty days in the event that settlement was not consummated.  Thereafter, the dismissal automatically became "with prejudice."

After the expiration of the thirty days, defense counsel moved for and was granted permission to withdraw on October 6, 2021. (ECF Nos. 24, 25).

Plaintiff thereafter filed a motion to reinstate the case and compel Defendant's compliance with the parties' settlement agreement and a motion to seal on October 8, 2021.  (ECF Nos. 26, 27).

2

**II.  Standard of Review**

The dismissal order entered pursuant to Local Rule 111 provided that the dismissal was with prejudice as of September 23, 2021, if no motion to reopen was filed timely.  After that date, a party's only recourse is through a motion governed by the standards articulated in Federal Rules of Civil Procedure 59(e) and 60(b).  *Barnes v. Hook*, 2013 WL 6490311 (D.Md. Dec. 9, 2013).  A motion to alter/amend or vacate filed within 28 days of the underlying order is governed by Rule 59(e).  *See Katyle v. Penn. Nat. Gaming, Inc.*, 637 F.3d 462, 470 n.4 (4th Cir. 2011).  Courts recognize three limited grounds for granting relief under Rule 59(e):  (1) to accommodate an intervening change in controlling law, (2) to account for new evidence not previously available, or (3) to correct a clear error of law or prevent manifest injustice.  *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)), *cert. denied*, 538 U.S. 1012 (2003).

Rule 60(b) sets forth broader foundations for relief.  Relevant to Plaintiff's motion, Rules 60(b)(1) and (b)(6) allow a court to relieve "a party . . . from a final judgment, order, or proceeding" due to "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1), or "any other reason that

3

justifies relief." Fed. R. Civ. P. 60(b)(6). Like Rule 59(e), "[r]ule 60(b) does not authorize a motion merely for reconsideration of a legal issue." *United States v. Williams*, 674 F.2d 310, 312-13 (4th Cir. 1982).

**III. Analysis**

The Rule 111 order provided a limited right to move to reopen within thirty days in the event that settlement was not consummated. Thereafter, the dismissal automatically became "with prejudice." No motion to reopen was filed within thirty days. Thus, the dismissal was final. Plaintiff will be granted fourteen (14) days to supplement with grounds for relief under the appropriate rule.

**IV. Motion to Seal**

Plaintiff moved to seal the exhibits supporting its motion to reinstate the case and compel execution of the parties' settlement agreement. (ECF No. 27). A motion to seal must comply with Local Rule 105.11, which requires: "(a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection." This rule endeavors to protect the common law right to inspect and copy judicial records and documents, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978), while recognizing that competing interests sometimes outweigh the

4

public's right of access, *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984).  The court should consider "less drastic alternatives to sealing," such as filing redacted versions of the documents.  *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004).  If the court decides that sealing is appropriate, it should also provide reasons, supported by specific factual findings, for its decision to seal and for rejecting alternatives.  *Id.*

In addition, the First Amendment provides a "more rigorous" right of access for certain "judicial records and documents."  *Id.* at 575-76.  This qualified First Amendment right of access "attaches to materials filed in connection with a summary judgment motion."  *Doe v. Pub. Citizen*, 749 F.3d 246, 258, 267 (4th Cir. 2014) (citing *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 252-53 (4th Cir. 1988)); *Va. Dep't of State Police*, 386 F.3d at 578.  This right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'"  *Doe*, 749 F.3d at 266 (quoting *In re Wash. Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986)); *see also In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013) (explaining the "significant" distinction between the two rights of access).

The exhibits contain the terms and conditions of the parties' discussions and settlement and the parties have sufficiently offered reasons supported by specific factual representations to justify sealing the exhibits under the Local Rule.  Because the parties' public briefing and this memorandum opinion quote and therefore make available the portions of the exhibits relevant to this motion, the public's right of access to judicial records and documents is not restricted.  Accordingly, Plaintiff's motion to seal will be granted and the exhibits filed at ECF No. 28 will remain under seal.

**V.   Conclusion**

For the foregoing reasons, Plaintiff's motion to reinstate the case and compel Defendant's compliance with the parties' settlement agreement will be construed as a motion to alter/amend or vacate subject to supplementation and the motion to seal will be granted.  A separate order will follow.

                                          /s/
                              DEBORAH K. CHASANOW
                              United States District Judge