```
        IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF MARYLAND
```

CONSTELLATION NEWENERGY, INC.           :

       v.                                      :   Civil Action No. DKC 21-0359

OM VEGETABLE INC.                       :

**MEMORANDUM OPINION**

Presently pending is the motion of Plaintiff Constellation NewEnergy, Inc. ("Constellation") to vacate the dismissal pursuant to Fed.R.Civ.P. 60(b). (ECF Nos. 26; 38). For the following reasons, further briefing is necessary before the motion can be resolved.

**I.  Background**

Pursuant to Local Rule 111, this case was dismissed on August 24, 2021, after the court was notified that the parties had settled their dispute. (ECF No. 23). The order, which did not incorporate the settlement agreement, provided that the dismissal was without prejudice to the right of any party to move for good cause within 30 days to reopen if settlement were not consummated. If no motion to reopen was filed within that time frame, the dismissal was to be with prejudice. No motion to reopen was filed and the dismissal became with prejudice on September 23. On

October 6, counsel for Defendant Om Vegetable Inc. ("Om Vegetable") moved to withdraw, and the motion was granted. (ECF Nos. 24; 25).

On October 8, Constellation moved to reinstate the case and to compel Om Vegetable to comply with the terms of the settlement. (ECF No. 26, at 3). After further attempts to resolve the difficulties failed, the court directed that the motion to reinstate be construed as a motion to alter/amend judgment or vacate and provided Constellation an opportunity to supplement. (ECF Nos. 34; 35). That supplement has been filed. (ECF No. 38). No response from Om Vegetable was received.

**II.  Analysis**

  **A.   Authority to Enforce Requested Relief**

It is not clear what relief Constellation requests, as discussed further below. One possible form of relief raises jurisdictional questions which must be addressed first. It is worth noting at the outset that the court unquestionably has authority to reopen a case after a settlement dismissal, and to restore the case to the status it was in prior to the settlement, if there is a failure to consummate settlement. *See Trs. of Painters' Tr. Fund of Wash., D.C., & Vicinity v. Clabbers*, No. 02-cv-4063-DKC, 2010 WL 2732241, at *4-5 (D.Md. July 9, 2010). It is also clear that, after reopening the case, the court would have inherent authority to determine, if disputed, whether the parties

actually reached a settlement agreement and, if so, on what terms. *Hensley v. Alcon Labs., Inc.*, 277 F.3d 535, 540-41 (4th Cir. 2002).

Plaintiff, however, appears to request reopening for another purpose: to consider enforcing a purported settlement agreement. Whether the court has the additional authority to enforce a settlement, *i.e.*, decide a breach of contract action, turns on whether there is independent jurisdiction to do so. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 378 (1994). It would make no sense to reopen the case if the court cannot proceed thereafter. Courts therefore refuse to grant a Rule 60(b) motion when a party has the option to file a separate enforcement action and there is no independent jurisdiction to entertain the enforcement action. For example, one court held:

> If SMD had requested reinstatement of the case to the active docket so that SMD could return to the status quo and renew its litigation against PCI, then its request for Rule 60(b) relief would be a fair one. However, SMD has limited its request to reopen the case in order to pursue the remedy of enforcement of the settlement agreement, which is beyond the Court's jurisdiction. It is, therefore, not in the interests of justice to grant SMD's request to reopen the case since the Court cannot grant enforcement of the settlement agreement and since SMD can seek its only desired remedy in a state court suit. *See Harman v. Pauley*, 678 F.2d 479, 481–82 (4th Cir. 1982); *Trs., Painters' Trust Fd. of Washington, D.C. v. Clabbers*, Civ. No. DKC-02-4063, 2010 WL 2732241, at *4-5 (D.Md. July 9, 2010).

*Persaud Cos. v. S. Md. Dredging, Inc.*, No. 12-cv-2114-JKB, 2014 WL 640878, at *3 (D.Md. Feb. 18, 2014) (admiralty action).

Here, there likely is an independent basis for jurisdiction. This case was brought under the court's diversity jurisdiction, (ECF No. 1, ¶ 3), so presumably any enforcement action could also be brought in this court on the same grounds. The Fourth Circuit appears to have endorsed that view:

> We are in agreement with the Sixth Circuit that, upon repudiation of a settlement agreement which had terminated litigation pending before it, a district court has the authority under Rule 60(b)(6) to vacate its prior dismissal order and restore the case to its docket. *See also Chief Freight Lines Co. v. Local Union No. 886*, 514 F.2d 572 (10 Cir. 1975); *Kelly v. Greer*, 334 F.2d 434 (3 Cir. 1964). We respectfully differ, however, with the *Aro* court in its conclusion that, once the proceedings are reopened, the district court is necessarily empowered to enforce the settlement agreement against the breaching party. We are of the opinion that the district court is not so empowered unless the agreement had been approved and incorporated into an order of the court, or, at the time the court is requested to enforce the agreement, there exists some independent ground upon which to base federal jurisdiction.[8]
>
> ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
> [8] Where the settlement agreement is approved and incorporated into an order of court, the district court possesses jurisdiction to enforce its own order. Where there has been no incorporation, it is likely that the "independent ground" most often asserted will be that of diversity of citizenship between the parties to the settlement agreement. 28

U.S.C. § 1332.  This is not to suggest,
                however, that other bases of federal
                jurisdiction may not also be available in
                appropriate situations, e.g., 28 U.S.C. §§
                1345, 1346 (United States as party).

*Fairfax Countywide Citizens Ass'n v. Fairfax Cnty.*, 571 F.2d 1299, 1302–03 & 1303 n.8 (4th Cir. 1978) (discussing *Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368 (6th Cir. 1976)); *see also Universal Surety of Am. v. Gray*, No. 17-cv-10016, 2018 WL 4901160, at *1 (E.D.Mich. Oct. 9, 2018).  Because it appears that the court would have jurisdiction over a breach of settlement agreement dispute under diversity jurisdiction, it could be in the interest of justice to vacate the dismissal.  Accordingly, the merits of the Rule 60(b) motion will be addressed.

    **B.   Rule 60(b) Motion**

Rule 60(b) provides in part that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . (6) any other reason that justifies relief."[1]  A motion must be made within a reasonable

---

[1] Plaintiff cites cases relying on subsection (6).  It may also be contending that subsection (2), "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)," justifies relief as well.  The only newly discovered evidence, however, is that Defendant did not intend to comply with the settlement agreement that led to the dismissal.  That would suggest something more than that Defendant has not complied and would imply fraudulent inducement of the settlement.  Subsection (2) does not fit the circumstances.  As noted above, the cases dealing with the failed settlement arise under subsection (6).

time. Moreover, the "catchall" in subsection (6) "may be invoked in only 'extraordinary circumstances' when the reason for relief from judgment does not fall within the list of enumerated reasons given in Rule 60(b)(1)-(5)." *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011) (*citing Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n.11 (1988)). The Fourth Circuit thus also requires that the party have a meritorious claim and that there be no unfair prejudice to the opposing party. *Id*. at 501.

It is likely that Constellation can satisfy the Rule 60(b)(6) requirements. This motion was filed within a reasonable time, promptly after Plaintiff concluded that Defendant would not participate in the settlement agreement. Plaintiff has a meritorious claim against Defendant on the initial complaint and no unfair prejudice accrues to Defendant, which was represented by counsel at the time of the purported settlement agreement and has had notice of the pending motions.

But it remains unclear what precise relief Constellation wants (it did not provide a proposed order) and, therefore, whether extraordinary circumstances justify disturbing the final judgment. Constellation initially requested an order compelling Om Vegetable "to comply with the terms of the settlement agreement[.]" (ECF No. 26, at 3). That request was dropped from its supplemental filing. (ECF No. 38, at 7). The company also provides varied

reasons for reopening the case that suggest different motivations. On the one hand, it points to Om Vegetable's failure to execute the final settlement agreement and confessed judgment, as required by the settlement terms. (ECF Nos. 26, ¶ 7; 38, ¶ 12). On the other, it contends that "Om Vegetable had no intention of complying with the Terms of the Settlement" and entered into the agreement "by fraud," knowing it "did not have funds sufficient to satisfy its payment obligations[.]"  (ECF No. 38, ¶ 14).  It also highlights its inability to contact Defendant and ongoing uncertainty regarding the status of Defendant's legal representation. (*Id.*, ¶¶ 5-8).

There are several possible forms of relief Constellation may seek.  It may want the court to find that a settlement was reached and define the terms.  This is within the court's inherent authority and it would be prepared to do so.  Alternatively, it may seek restore the case to the status it was in prior to the settlement.  Constellation can clearly show that Om Vegetable repudiated the agreement and, therefore, the court would be prepared to do this as well.  In contrast, it might want the court to find that the settlement agreement was breached by the failure to sign documents and grant specific performance ordering Defendant to sign the agreement and the confessed judgment note. Or it might want the court to find that Defendant has breached by

7

failing to pay, thus entitling it to file the confessed judgment action. It might even seek to initiate a fraudulent inducement claim. Accordingly, Constellation must specify the relief sought and supplement with support for finding a breach of the agreement or fraudulent inducement, if it seeks those forms of relief. It must also state whether it could seek the same relief by filing a new case. If it cannot, it should explain why.

### III. Conclusion

Constellation will be granted fourteen (14) days to articulate precisely the relief it desires, and supplement further as needed. A separate order will follow.

                                    /s/
                            DEBORAH K. CHASANOW
                            United States District Judge