```
           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND
                                 :
CONSTELLATION NEWENERGY, INC.
                                 :
     v.                          :   Civil Action No. DKC 21-0359
                                 :
OM VEGETABLE INC.
                                 :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution is the motion of Plaintiff Constellation NewEnergy, Inc. ("Constellation") to vacate the dismissal pursuant to Fed.R.Civ.P. 60(b). (ECF Nos. 26; 38; 41). The issues have been briefed and the court now rules, no hearing being necessary. Local Rule 105.6. For the following reasons, the motion will be denied.

**I.  Background**

Much of the relevant factual background for this motion is set out in two prior opinions. (ECF Nos. 34, at 1-2; 39, at 1-2). In short, Constellation sought, in October 2021, (ECF No. 26), to reinstate the case, which the court construed in December as a motion to alter, amend, or vacate the judgment because, pursuant to Local Rule 111, the prior dismissal became with prejudice as of September 2021, (ECF No. 34, at 3-4). The court ordered Constellation to supplement its motion because it had not provided any relevant grounds for altering the judgment. (*Id.*)

Constellation complied on December 21, clarifying that it sought to vacate the dismissal order under Fed.R.Civ.P. 60(b). (ECF No. 38). In February, the court ordered Constellation to file a second supplement because the ultimate relief Constellation wanted was not clear. (ECF No. 39, at 6-7). The second supplement was filed on February 15. (ECF No. 41). Defendant Om Vegetable Inc. ("Om Vegetable") did not respond to Constellation's motion or supplemental filings.

**II. Analysis**

A court may vacate a final judgment under Rule 60(b)(6) only where the movant acts within a reasonable time, the movant has a meritorious claim, no unfair prejudice will accrue to the opposing party, and "extraordinary circumstances" justify the requested relief. *Aikens v. Ingram*, 652 F.3d 496, 500-01 (4th Cir. 2011) (*citing Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n.11 (1988)). This strict interpretation "is essential if the finality of judgments is to be preserved." *Id.*, at 501 (quoting *Liljeberg*, 486 U.S. at 873 (Rehnquist, C.J., dissenting)). For the reasons identified in the prior opinion, Constellation acted in a timely manner and has a meritorious claim and vacating the dismissal order would not cause unfair prejudice to Om Vegetable. (ECF No. 39, at 6). Constellation has not shown,

2

however, that extraordinary circumstances justify the extraordinary remedy of vacating a final judgment.

It is now clear that Constellation seeks to have the court find Om Vegetable breached the settlement agreement and enforce that agreement by entering confessed judgment against Om Vegetable.  (ECF No. 41, at 1).  Constellation argues that it cannot seek the same relief by filing a new case because entry of the confessed judgment "is the available remedy" under the settlement agreement, the agreement was executed "to resolve this instant action," and "[t]he amount of the confessed judgment is the amount listed in the Complaint . . . filed in this action."  (*Id.*, ¶ 5).

Constellation provides no support for its contention that it cannot file a new case seeking the same relief.  Assuming Maryland law governs the agreement, no authority indicates that a confessed judgment must be enforced in the same action in which it arose.  *See, e.g.*, *NILS, LLC v. Antezana*, 171 Md.App. 717, 725-26, 729-30 (2006) (cited favorably in *Goshen Run Homeowners Ass'n, Inc. v. Cisneros*, 467 Md. 74, 104 (2020)).  Indeed, that proposition appears to conflict with the Maryland rule prescribing how to file a "complaint seeking a confessed judgment."  Md. Rule 2-611(a); *see also* Local Rule 108.1.  The proposition also is illogical because most confessed judgments will arise from private contracts

3

and not court-facilitated settlement agreements. And Constellation does not contend that it requires action by this court, such as an order requiring Om Vegetable to sign the confessed judgment, before it can pursue the remedy elsewhere. It alleges only that Om Vegetable breached the settlement agreement by failing to make payments owed. (ECF No. 41, ¶ 4).

Of course, Constellation finds itself in a difficult situation. It entered into a settlement agreement to resolve its breach of contract suit against Om Vegetable. When Om Vegetable failed to execute the final settlement and confessed judgment documents, Constellation was assured by defense counsel that there was no need to reopen the case because Om Vegetable intended to execute the documents and, in any case, the settlement was consummated because Om Vegetable's owner signed the Terms of Settlement Agreement. (ECF No. 26, ¶¶ 2-5). When Om Vegetable's counsel moved to withdraw, Constellation concluded that Defendant had no intent to perform and promptly filed this motion.

Whether those circumstances are sufficiently extraordinary to justify vacating the judgment turns at least in part on the relief requested. As noted in the prior opinion, Constellation's circumstances would justify vacating the judgment to award certain relief, such as restoring the case to the status it had prior to settlement. (ECF No. 39, at 7). Its circumstances might also

justify reopening the case to determine whether a settlement was reached and, if so, define its terms and grant specific performance ordering the Defendant to sign necessary documents, to the extent Defendant's failure to do so might hinder Constellation's ability to enforce the agreement elsewhere.  (*Id.*).

But Constellation does not ask for any of that relief and instead asks that the court find Om Vegetable breached the agreement by failing to make required payments and enter confessed judgment.  The circumstances do not justify vacating the dismissal order because Constellation can obtain the same relief it requests by filing a separate action.  *See Amorosi v. Molino*, No. 06-cv-5524, 2010 WL 3058450, at *2 (E.D.Pa. Aug. 2, 2010) ("[B]reach of a settlement agreement does not qualify as an 'extraordinary circumstance' . . . because [the movant] may file a separate action in contract on the settlement agreement." (cleaned up) (quoting *Shaffer v. GTE*, 284 F.3d 500, 504 n.4 (3d Cir. 2002); *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993)); *see also Universal Surety of Am. v. Gray*, No. 17-cv-10016, 2018 WL 4901160, at *2-3 (E.D.Mich. Oct. 9, 2018) (discussing the difference between repudiation and breach); *Leal ex. rel. Miranda v. Town of Cicero*, No. 99-cv-0082, 2000 WL 765085, at *3-4 (N.D.Ill. June 12, 2000) (denying motion to enforce and granting motion to vacate for repudiation).  Moreover, Constellation has not followed the

approved procedures to seek judgment by confession.  *See* Local Rule 108.1.

### III. Conclusion

For the foregoing reasons, Constellation's motion to vacate the judgment will be denied.  A separate order will follow.

                                                   /s/
                                     DEBORAH K. CHASANOW
                                     United States District Judge